IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William L. Bailey III, | ) Civil Action No.: 1:19-1998-BHH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Andrew Saul, Commissioner of Social Security, | ) |
| Defendant. | ) |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff William L. Bailey III's ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C. In her Report, the Magistrate Judge recommends that the Court reverse and remand the Commissioner's final decision for further administrative proceedings. The Commissioner filed objections to the Report, to which Plaintiff filed a response, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and reverses and remands the Commissioner's final decision for further administrative proceedings.

**BACKGROUND**

On February 24, 2016, Plaintiff protectively filed an application for DIB, alleging a disability onset date of December 24, 2015. Plaintiff's claim was denied initially and upon

reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on November 8, 2017. On May 1, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on July 18, 2019.

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established

by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

3

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 24, 2015, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairment: diabetes mellitus. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) except that Plaintiff is limited to occasional stooping, crouching, crawling, and climbing

ramps and stairs; Plaintiff is unable to engage in climbing ladders, ropes, or scaffolding, and is unable to work around hazardous machinery or unprotected heights. Based on this RFC, the ALJ determined at step four that Plaintiff was unable to perform his past relevant work. However, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the ACT from December 24, 2015, through the date of the decision.

## II.     The Court's Review

In this action, Plaintiff asserts that the ALJ erred in the following ways:

(1) by failing to properly develop the record and by not obtaining an opinion from a medical consultant as to whether Plaintiff's eating disorder was medically equivalent to a listed impairment;

(2) by failed to properly evaluate Dr. Rojugbokan's opinion and by not citing sufficient evidence to sustain the finding that Plaintiff was capable of performing light work;

(3) by failing to properly evaluate Plaintiff's subjective complaints; and

(4) by not sustaining his burden to establish that Plaintiff could perform work that existed in the economy.

In her Report, the Magistrate Judge first considered Plaintiff's claim that the ALJ failed to properly develop the record and failed to comply with the requirements of Social Security Rule 96-6p by not obtaining a medical opinion as to whether anorexia was equivalent to a listed impairment, specifically Listing 12.13. The Magistrate Judge thoroughly outlined the evidence of record and the parties' arguments on this issue and ultimately found no merit to Plaintiff's claim. No party objected to the Magistrate Judge's

findings as to this claim, and, after review, the Court finds no clear error and fully agrees with the Magistrate Judge's thorough analysis. Thus, the Court rejects Plaintiff's claim that the ALJ erred by failing to develop the record, and the Court finds that the ALJ exercised appropriate discretion in declining to obtain additional evidence as to whether Plaintiff's eating disorder was medically equivalent to a listed impairment.

Next, as to Plaintiff's second allegation of error–that the ALJ failed to properly evaluate Dr. Rojugbokan's opinion and failed to cite sufficient evidence to sustain his finding that Plaintiff was capable of performing light work–after reviewing the medical evidence, the applicable law, and the ALJ's decision, the Magistrate Judge agreed with Plaintiff. In finding that the ALJ did not evaluate Dr. Rojugbokan's opinion as required by 20 C.F.R. § 404.1527(c) and Social Security Ruling 96-2p, the Magistrate Judge explained:

> The ALJ stated Dr. Rojugbokan's opinion was not supported by Plaintiff's activities, but he did not explain how those activities were inconsistent with that opinion. He also made the conclusory statement that Dr. Rojugbokan's opinion was not supported by the "few medical records," without citing specific medical records that were contrary to his opinion. Although the undersigned agrees with the Commissioner that Dr. Rojugbokan's opinion is refuted by his and PA Buck's unremarkable physical and mental exam findings and other evidence of record, the court cannot accept the Commissioner's argument to supplement the ALJ's inadequate explanation.
> . . .

(ECF No. 19 at 32 (citation omitted).) The Magistrate Judge further determined that the ALJ omitted the second essential step of his analysis and did not provide a logical explanation to support his RFC assessment. The Magistrate Judge explained that although the ALJ noted some of the evidence, he "did not explain how this evidence supported an RFC for light work with additional non-exertional limitations." (*Id.* at 33.) According to the Magistrate Judge, this type of error is similar to the error the Fourth Circuit acknowledged

6

in *Patterson v. Comm'r of Soc. Sec. Admn.*, where the court explained that: "[T]he dispute here arises from a problem that has become all too common among administrative decisions challenged in this court–a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work."  846 F.3d 656, 663 (4th Cir. 2017).  Having found that remand is appropriate based on Plaintiff's second allegation of error, the Magistrate Judge declined to specifically consider the remaining allegations of error and instead instructed the ALJ on remand to "link the evidence and his conclusion with a logical explanation" to the extent the ALJ does not accept all of Plaintiff's subjective allegations as consistent with the evidence. (ECF No. 19 at 34.)  The Magistrate Judge noted that this may require the ALJ to obtain additional testimony or evidence as to whether Plaintiff ceased smoking.

The Commissioner filed objections to the Magistrate Judge's Report, first asserting that the substantial evidence standard of review is very deferential.  The Court finds no merit to this objection as it simply states the legal standard, which the Magistrate Judge properly identified and applied.  As a second objection, the Commissioner asserts that remand for further evaluation of Dr. Rojugbokan's opinion is futile because substantial evidence supports the ALJ's finding that the opinion was not entitled to controlling weight. The Commissioner further asserts that the ALJ's decision is supported by more than a mere scintilla of evidence, and the Commissioner remarks that even the Magistrate Judge noted that Dr. Rojugbokan's opinion was refuted by his and PA Buck's unremarkable physical and mental exam findings.  (ECF No. 20 at 2.)  The problem with this objection, however, is that this Court cannot accept the Commissioner's post hac explanations as a substitute for the ALJ's failure to articulate in the first instance the grounds for his decision,

as the Magistrate Judge properly noted. *See Robinson ex rel. M.R. v. Comm'r of Soc. Sec.*, No. 0:07-3521-GRA, 2009 WL 708267, at *12 (D.S.C. 2009) (noting that "[p]rinciples of agency law limit this Court's ability to affirm based on post hoc rationalizations from the Commissioner's lawyers," and explaining that even if the record contains enough evidence to support the ALJ's decision, "principles of administrative law require the ALJ to rationally articulate the grounds for [his] decision and confine our review to the reasons supplied by the ALJ") (citing *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)); *see also Truitt v. Saul*, No. 1:19-527, 2020 WL 1000106, *16 (D.S.C. Jan. 6, 2020) ("While a review of the record provides additional reasons the ALJ could have reasonably cited to support the weight he gave Dr. Boyels's opinion, the burden rests with the ALJ to cite such evidence, and his failure to do so cannot be cured by the Commissioner's argument to the Court.").

Finally, the Commissioner objects that substantial evidence supports the ALJ's determination that Plaintiff can perform a range of light work with some additional limitations. After review, however, the Court agrees with the Magistrate Judge not only that the ALJ failed to cite to the "few medical records" that were inconsistent with Dr. Rojugbokan's opinion, but also that the ALJ failed to provide sufficient logical explanation to support his RFC assessment by not adequately explaining *how* the evidence upon which he relied supports an RFC for light work with additional nonexertional limitations. Thus, the Court agrees with the Magistrate Judge that the ALJ's decision does not sufficiently "show his work." Accordingly, the Court overrules the Commissioner's objections, and in the absence of an adequate explanation of why he gave little weight to Dr. Rojugbokan's opinion and how the evidence supports an RFC for light work, the Court finds that remand is appropriate. Likewise, the Court agrees with the Magistrate Judge that it is not

necessary to specifically evaluate Plaintiff's remaining allegations of error, but on remand, if the ALJ fails to accept all of Plaintiff's subjective complaints, the ALJ should provide a logical explanation for his conclusions by specifically referring to the evidence that supports those conclusions, which of course may require the ALJ to obtain additional testimony or evidence.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 19) is adopted in full and specifically incorporated herein; the Commissioner's objections (ECF No. 20) are overruled; and the Commissioner's final decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings as set forth herein and in the Magistrate Judge's Report.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 22, 2020
Charleston, South Carolina